**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5022**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAMES STEVEN LESANE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.   (3:08-cr-00185-JRS-1)

Submitted:  December 30, 2009        Decided:  January 19, 2010

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

James F. Sumpter, Richmond, Virginia, for Appellant.   Dana J.
Boente, United States Attorney, Elizabeth C. Wu, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Steven Lesane appeals from a judgment of conviction, and sentence of 140 months' imprisonment, after pleading guilty to conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006).[1]  On appeal, Lesane asserts district court error in:  (1) its determination that a conspiracy existed; (2) its refusal to grant Lesane's motion to suppress evidence from a December 4, 2007, stop in Spotsylvania County, Virginia; and (3) its refusal to grant Lesane's motion to suppress evidence from an April 26, 2007, stop in Cecil County, Maryland.

As a preliminary matter, we dismiss Lesane's appeal as to his claim of district court error relative to the existence of a conspiracy.  This assignment of error is outside the scope of Lesane's conditional plea, which reserved to Lesane the sole right to appeal the district court's denial of his motion to suppress.[2]  His conclusory mention of the sufficiency of the

---

[1] Lesane's guilty plea was conditional, allowing him to appeal the denial of his motion to suppress, which motion was denied by the district court following an evidentiary hearing.

[2] While Lesane's motion to suppress contains a single summary statement challenging the sufficiency of the evidence to support the conspiracy charge, and while Lesane's counsel advanced limited argument at the hearing on Lesane's motion to suppress supporting his present contention regarding the
(Continued)

2

evidence supporting the conviction and his limited argument on the issue during the hearing on the motion to suppress is insufficient to preserve the issue on appeal. Moreover, Lesane is bound by the statements he made relative to his guilty plea and he may not now claim that the statements in which he expressly acknowledged his guilt of the crime of conspiracy were untrue. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Finally, as Lesane acknowledges on appeal, the issue relating to the existence of a conspiracy was not ruled upon by the district court. As such, it is not properly before this court for review. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

As to Lesane's appeal of the district court's rulings relative to the suppression of evidence from the December 4, 2007, stop in Spotsylvania County, Virginia, and the April 26, 2007, stop in Cecil County, Maryland, we construe the evidence in the light most favorable to the United States, the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We review de novo the district court's legal conclusions and review for clear error its factual

---

conspiracy charge, the district court did not enter a ruling on the issue of the existence of a conspiracy at the suppression hearing, nor did it address the issue at all in its Memorandum Opinion denying the motion to suppress.

3

determinations.  United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

Lesane claims the December 4, 2007, police stop was pretextual.[3]  We find no clear error in the district court's factual determination crediting Deputy Taylor's testimony that Lesane failed to stop at a stop sign over the testimony of Jaime Coleman, Lesane's wife and a passenger in the vehicle, that she "believed" the car stopped.  See Rusher, 966 F.2d at 873.  The failure to obey the stop sign provided Deputy Taylor with the requisite probable cause to stop the vehicle.  See United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993) (adopting objective test for determining whether officer had probable cause to stop vehicle).  The ensuing search, during which contraband was discovered, did not offend the Fourth Amendment.

Nor do we find merit to Lesane's assertion of district court error in its denial of Lesane's motion to suppress evidence relative to the April 26, 2007, search of his toiletry bag.  Lesane claims he had an expectation of privacy in his toiletry bag, and that the officer's search of that bag exceeded the scope allowed by the probable cause from the smell of burnt marijuana.  He asserts further that when the officer failed to

---

[3] Lesane's argument that he was unaware of the bags of crack cocaine in the back of the vehicle next to him on the seat is not relevant to the validity of the stop.

4

find contraband in his search of the interior of the car, the officer's probable cause was no longer supported,[4] and his further search of the closed bag located on the backseat of the vehicle, without a warrant, violated Lesane's Fourth Amendment rights.

The Fourth Amendment permits a warrantless search of a vehicle and any containers or compartments found within it, where probable cause exists to search the vehicle. United States v. Ross, 456 U.S. 798, 823 (1982); see also California v. Acevedo, 500 U.S. 565, 570 (1991). This court has held that the odor of marijuana, without more, may provide requisite probable cause to support the warrantless search of a vehicle and baggage contained in that vehicle. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002).

Here, the officer pulled Lesane's car over for speeding and erratic driving, and he testified that when he reached the window he "could smell the odor of marijuana." He searched the vehicle and the toiletry bag based on the marijuana odor. Under prevailing Supreme Court and Fourth Circuit case law, that testimony supports the district court's conclusion that the officer had probable cause to search the inside of the

---

[4] Lesane's conclusory assertion is offered without legal support.

vehicle, as well as the toiletry bag contained in the vehicle. See Acevedo, 500 U.S. at 570; Scheetz, 293 F.3d at 184.

Accordingly, we dismiss for lack of jurisdiction Lesane's claims relating to the sufficiency of the evidence to support a conspiracy, affirm the district court's denial of Lesane's motion to suppress, and affirm Lesane's conviction and sentence. We further deny Lesane's pro se motions to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART